UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN D. ROSSI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-957 |
| | § | |
| CITY OF HOUSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Pending before the Court is the defendants', C.R. Rohling, Jennifer Frank, and James Crawford (collectively, the "defendants"), motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (Docket No. 75). Also before the Court is the plaintiff's, Steven Rossi, response (Docket No. 78). Having carefully considered the parties' submissions, the record, and the applicable law, the Court finds and concludes as follows.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Steven Rossi is a resident of Harris County, Texas. The City of Houston (the "City") is located in Harris County, and C.R. Rohling, Jennifer Frank, and James Crawford are police officers in the Houston Police Department.[1] This suit arises out of events that occurred in the early morning hours of April 1, 2010. The operative facts were detailed in the Court's February 21, 2014 Order (Docket No. 56); the Court adopts those facts for purposes of this Order.

Rossi brings this suit alleging at least thirteen violations of his constitutional, statutory and common law rights. Officer Rohling and the City previously moved for summary judgment on many of Rossi's claims (Docket No. 40). The motion was granted in part and denied in part,

---

[1] At the time of Rossi's arrest on April 1, 2010, Crawford was a police officer. He has since been promoted to the rank of sergeant. The Court will refer to him as an officer in this Order.

1 / 7

with all claims against the City dismissed (Docket No. 56). In that same Order, the Court directed Rossi to amend his complaint and identify the unnamed John Doe officers. Rossi complied (Docket No. 62), naming Officers Jennifer Frank and James Crawford as defendants.[2] The remaining defendants now seek summary judgment on all unadjudicated claims.

## III.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (quoting *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Id.* (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), cert. denied, 513 U.S. 871 (1994)).

---

[2] In his Second Amended Complaint, Rossi asserts claims against Officer Rohling which had been dismissed pursuant to the Court's first summary judgment order. Rather than craft a new complaint reflecting all the rulings made by this Court, it appears that Rossi simply filed a pleading identical to his Original Complaint in every respect aside from the removal of the City as a party and the insertion of the previously unidentified officers' names. To the extent that Rossi is attempting to reassert claims the Court has already disposed of in Rohling's favor, the Court reiterates its grant of summary judgment on those causes of actions.

When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

## IV.   ANALYSIS AND DISCUSSION

Officers Frank and Crawford have moved for summary judgment on Rossi's excessive force and bystander liability claims arguing that they are entitled to qualified immunity. They contend summary judgment is appropriate on all other claims because there is no evidence in the record to support those causes of action.

### A.   Claims Subject to Qualified Immunity Defense

The doctrine of qualified immunity reconciles the competing aims of vigorous enforcement of the law and redress for victims of officials' unlawful abuse of power. *See Kinney v. Weaver*, 367 F.3d 337, 349 (5th Cir. 2004). Law enforcement officials "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "When a defendant pleads qualified immunity as an affirmative defense and moves for summary judgment on that basis, a court must decide (1) whether the facts alleged or shown by the plaintiff made out a violation of a constitutional right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009).

> i. **Excessive Force Claims**

The right to make an arrest necessarily carries with it the right to use some degree of force or threat to effect the arrest. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). The Fourth Amendment, however, prohibits the use of excessive force by law enforcement officers in the context of an arrest or investigatory stop of a free citizen. *Id.* at 394. Claims of excessive force are analyzed under a "reasonableness" standard. *Id.* at 395.

To prove an excessive force claim, the plaintiff must show that he suffered "(1) an injury (2) which resulted from the use of force that was clearly excessive to the need and (3) the excessiveness of which was clearly unreasonable." *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011) (internal quotation and citation omitted).

In the Court's opinion, Rossi's testimony concerning the force that Officers Frank and Crawford used during their attempt to handcuff him does not create a fact issue as to whether that force was clearly excessive to the need and the excessiveness of which was clearly unreasonable. Even assuming that Rossi was struck by Officer Rohling and had fallen to the ground,[3] it is not unfathomable that more than one officer would be needed to subdue a suspect who they reasonably believed had fled from an officer attempting to perform a traffic stop.[4] Because Rossi has failed to make out an excessive force claim, he does not satisfy the first prong of the qualified immunity analysis. Accordingly, the Court grants Frank and Crawford summary judgment on the excessive force claims asserted against them.

---

[3] Notably, Rossi never alleges or provides evidence that either Frank or Crawford saw Rohling strike him with the flashlight the first time, and both officers deny having seen Rohling strike Rossi at all during the ordeal.

[4] From what the Court can gather from Rossi's confused and at times flatly contradictory testimony, the additional blows delivered by Rohling occurred during and/or after his being subdued and handcuffed by the team of officers. Rossi implicitly concedes that Frank and Crawford initiated the arrest-effecting force before the beating began. He also seems to claim that the force they employed was unreasonable considering that he had just been severely beaten. Because Frank and Crawford began applying that force before Rossi was repeatedly struck by Rohling, the Court finds that claim untenable.

### ii. Bystander Liability Claims

To prevail on a claim of bystander liability and overcome the first hurdle in the qualified immunity analysis, the plaintiff must establish that the law enforcement officer "(1) [knew] that a fellow officer [was] violating an individual's constitutional rights; (2) [had] a reasonable opportunity to prevent the harm; and (3) [chose] not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (internal quotation omitted) cert. denied, 134 S. Ct. 1935 (U.S. 2014). To satisfy the second prong of the qualified immunity analysis, the plaintiff must show that "the allegedly violated constitutional rights were *clearly established at the time of the incident*" and the officer's conduct "was *objectively unreasonable* in the light of that then clearly established law." *Id.* at 305 (quoting *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998) (emphasis in original)).

Viewing the facts in the light most favorable to Rossi, the Court finds that he has pointed to genuine issues of fact as to each of the three elements of bystander liability. There is evidence in the record establishing that (1) Officers Frank and Crawford were present when Officer Rohling was bashing a defenseless Rossi in the head;[5] (2) they were within feet of Rohling such that they could have restrained him; and (3) they did not restrain him. The Court also finds that the law regarding bystander liability in the excessive force context was clearly established by April 1, 2010, the day this incident occurred. *See Whitley*, 726 F.3d at 646-47 (citing *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) ("[A]n officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983.")); *see also Brown v. Lynch*, 524 F. App'x 69, 81 (5th Cir. 2013)

---

[5] The defendants argue that summary judgment should be granted in Frank's favor on the bystander liability claim (and excessive force claim) because Rossi testified that the three officers present during the beating were all males. (Docket No. 75-2, Oral Deposition of Steven Rossi, 58:10-63:7). The Court rejects that argument because Frank admitted that she was present at the time of the attack. (Docket No. 75-5, Affidavit of Officer Jennifer Frank, ¶¶ 8-9).

(collecting cases that stand for the proposition that "repeatedly striking a non-resisting suspect is excessive and unreasonable force").

Because Rossi has identified fact issues sufficient to negate Frank's and Crawford's invocation of qualified immunity, the Court denies their motion for summary judgment on the bystander liability claim.

### C.     Previously Considered Claims

In the Order issued on February 21, 2014, the Court discussed and dismissed Rossi's unlawful search, unlawful seizure, and conspiracy claims against Rohling and the City. For the same reasons articulated in that Order, the Court grants Officers Frank and Crawford summary judgment on those claims as well.

### D.     Remaining Federal and State Law Claims

The Court grants the defendants summary judgment on Rossi's intentional infliction of emotion distress, negligence in the performance of police duties, malicious prosecution, false imprisonment, failure to train, false arrest, due process, and denial of counsel claims. The intention infliction of emotion distress claim fails because it is based on the same operative facts as his section 1983 and state law tort claims. *See Zepeda v. Sizemore*, 2013 WL 4677964, at *6-7 (W.D. Tex. Aug. 30, 2013) (explaining that under Texas law, "where the gravamen of a plaintiff's complaint is actually another tort, such as a constitutional rights violation or false imprisonment, a cause of action for intentional infliction of emotional distress is not available") (internal quotation omitted); *see also Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) ("intentional infliction of emotional distress is a 'gap-filler' tort never intended to supplant or duplicate existing statutory or common-law remedies") (internal citation omitted). Each of Rossi's other claims fail for one of two reasons: he has presented no evidence whatsoever to

support the claim, or he has failed to point to a genuine issue of fact regarding an essential element of the claim.

## VI. CONCLUSION

For the foregoing reasons, the Court DENIES summary judgment on Rossi's bystander liability claims against Officers Frank and Crawford, and GRANTS the defendants summary judgment on all other claims considered.

**It is so ORDERED**.

SIGNED on this 14th day of August, 2014.

_____

Kenneth M. Hoyt
United States District Judge